972 F.2d 1362
 297 U.S.App.D.C. 354, 22 Envtl. L. Rep. 21,495
 PLATTE RIVER WHOOPING CRANE CRITICAL HABITAT MAINTENANCE
TRUST, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
State of Wyoming, Central Nebraska Public Power and
Irrigation District, Nebraska Public Power
District, Nebraska Water Users, Inc.,
Intervenors.
NEBRASKA WILDLIFE FEDERATION, Sierra Club, National Audubon
Society, American Rivers, Inc., Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
State of Wyoming, Nebraska Public Power District, Central
Nebraska Public Power and Irrigation District,
Intervenors.
CENTRAL NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
State of Wyoming, Nebraska Public Power District, Central
Nebraska Public Power and Irrigation District, Nebraska
Water Users, Inc., Nebraska Wildlife Federation, Sierra
Club, National Audubon Society, American Rivers, Inc., Intervenors.
NEBRASKA PUBLIC POWER DISTRICT, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
State of Wyoming, Central Nebraska Public Power and
Irrigation District, Nebraska Public Power District,
National Audubon Society, Nebraska Wildlife Federation,
Sierra Club, American Rivers, Inc., Intervenors.
PLATTE RIVER WHOOPING CRANE CRITICAL HABITAT MAINTENANCE
TRUST, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Central Nebraska Public Power and Irrigation District, State
of Wyoming, Nebraska Public Power District,
Nebraska Water Users, Inc., Intervenors.
 Nos. 90-1397, 90-1399 to 90-1401 and 90-1504.
 United States Court of Appeals,
District of Columbia Circuit.
 Sept. 11, 1992.
 
 On Petitioner's Suggestion for Rehearing En Banc
 Prior Report:
 Before: MIKVA, Chief Judge, WALD, EDWARDS, RUTH BADER GINSBURG, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG, SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Petitioner's Suggestion for Rehearing En Banc and the responses thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular active service did not vote in favor of the suggestion. Upon consideration of the foregoing it is
 
 
 2
 ORDERED, by the Court en banc, that the suggestion is denied.
 
 
 3
 Circuit Judge RUTH BADER GINSBURG did not participate in this matter.
 
 
 4
 Circuit Judges WALD and BUCKLEY would grant the suggestion for rehearing en banc.
 
 
 5
 Separate statement filed by Circuit Judge SILBERMAN, concurring in the denial of rehearing en banc.
 
 
 6
 SILBERMAN, Circuit Judge, concurring in the denial of rehearing en banc:
 
 
 7
 Petitioner's two requests for rehearing seek to make the proverbial mountain out of a molehill. The petitioners raised only peripherally the issue whether FERC properly consulted with the Department of Interior concerning the environmental conditions FERC placed on the annual licenses. And, as the panel opinion notes, FERC did consult (albeit informally) with, and largely followed the advice of, the Department. The court misplaced part of petitioner's filings, which caused the original panel opinion's footnote to indicate erroneously that petitioner had not raised the issue on appeal. It seems, however, that petitioner has sought to exaggerate the significance of the error in subsequent filings.
 
 
 8
 There is, however, an underlying jurisdictional issue of some significance presented which we do not decide and which this court has skirted before. (D.C.Cir.1989). Does a private party have standing to challenge a failure of one government agency to consult (or consult adequately) with another government agency when required to by statute? It would be difficult to establish that any injury suffered by a plaintiff was due to a failure to consult adequately unless plaintiff could show: what the second agency would advise; that the first agency would accept the advice; and that implementation of the advice would remedy the injury. In other words, it is difficult to make out a causal connection between the plaintiff's injury and the alleged inadequate consultation. Although the failure to consult is a procedural violation of a statute, that does not seem adequate to establish Article III standing. (1992).
 
 
 9
 Since the consultation issue was raised so tangentially, I think it unwise to decide the difficult jurisdictional question in this case.